IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
AT BLUEFIELD

ELVIS ANDERSON,

    Plaintiff,

v.                                    CIVIL ACTION NO. 1:23-00448

WARDEN, FCI McDowell,

    Defendant.

MEMORANDUM OPINION AND ORDER

By Standing Order, this action was referred to United States Magistrate Judge Cheryl A. Eifert for submission of proposed findings and recommendation ("PF&R"). Magistrate Judge Eifert submitted her proposed findings and recommendation on September 21, 2023. In that Proposed Findings and Recommendation, the magistrate judge recommended that this court dismiss plaintiff's 28 U.S.C. § 2241 petition pursuant to Federal Rule of Civil Procedure 41(b) and for failure to state a cognizable claim and remove this matter from the court's docket.

In accordance with the provisions of 28 U.S.C. § 636(b), the parties were allotted fourteen days, plus three mailing days, in which to file any objections to Magistrate Judge Eifert's Findings and Recommendation. See 28 U.S.C. § 636(b)(1) ("A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings and

recommendations to which objection is made.").  The failure of any party to file such objections constitutes a waiver of such party's right to a de novo review by this court.  Snyder v. Ridenour, 889 F.2d 1363 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140 (1985).

Plaintiff filed a one-page document that appears to be his objections.  See ECF No. 29.  In that document, he writes that "Objections are consistent with official report, and similar 'recommendation.'  Hopefully, justice can agree."  Id.

Pursuant to Federal Rule of Civil Procedure 72(b), the court must "determine de novo any part of the magistrate judge's disposition that has been properly objected to."  "[S]pecific written objections" are required.  Id.  This court need not conduct a de novo review when a party "makes general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations."  Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir. 1982); see also United States v. Midgette, 478 F.3d 616, 622 (4th Cir. 2007) ("[T]o preserve for appeal an issue in a magistrate judge's report, a party must object to the finding or recommendation on that issue with sufficient specificity so as reasonably to alert the district court of the true ground for the objection."); McPherson v. Astrue, 605 F. Supp. 2d 744, 749

(S.D.W. Va. 2009) ("[F]ailure to file a specific objection constitutes a waiver of the right to de novo review.").

"A document filed pro se is 'to be liberally construed.'" Erickson v. Pardus, 551 U.S. 89, 94 (2007) (quoting Estelle v. Gamble, 429 U.S. 97, 106 (1976)).  Specifically as to objections to a PF&R, courts are "under an obligation to read a pro se litigant's objections broadly rather than narrowly."  Beck v. Comm'r of Internal Revenue Serv., 1997 WL 625499, at *1-2 (W.D.N.C. June 20, 1997) (citing Orpiano, 687 F.2d at 48). However, objections that are "unresponsive to the reasoning contained in the PF&R" are irrelevant and must be overruled. Kesterson v. Toler, 2009 WL 2060090, at *1 (S.D.W. Va. July 7, 2009) (citing Orpiano, 687 F.2d at 47).  In the absence of specific objections to a PF&R, the court reviews only for clear error, Diamond v. Colonial Life & Acc. Ins. Co., see 416 F.3d 310, 315 (4th Cir. 2005), and the court need not give any explanation for adopting the magistrate judge's recommendation. See Camby v. Davis, 718 F.2d 198, 199-200 (4th Cir. 1983).

Plaintiff's objection is general and conclusory and does not direct the court to any specific error in the PF&R. Accordingly, construing his objection liberally, the court finds no clear error in the PF&R.

Having reviewed the Findings and Recommendation filed by Magistrate Judge Eifert, the court hereby **OVERRULES** plaintiff's objection.  The court adopts the findings and recommendations contained in the PF&R.  Accordingly, the court **DISMISSES** plaintiff's 28 U.S.C. § 2241 petition pursuant to Federal Rule of Civil Procedure 41(b) and for failure to state a cognizable claim and directs the Clerk to remove the matter from the court's docket.

Additionally, the court has considered whether to grant a certificate of appealability.  See 28 U.S.C. § 2253(c).  A certificate will not be granted unless there is "a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  The standard is satisfied only upon a showing that reasonable jurists would find that any assessment of the constitutional claims by this court is debatable or wrong and that any dispositive procedural ruling is likewise debatable. Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003); Slack v. McDaniel, 529 U.S. 473, 484 (2000); Rose v. Lee, 252 F.3d 676, 683-84 (4th Cir. 2001).  The court concludes that the governing standard is not satisfied in this instance.  Accordingly, the court **DENIES** a certificate of appealability.

The Clerk is directed to forward copies of this Memorandum Opinion and Order to all counsel of record and to any unrepresented party.

It is **SO ORDERED** this 7th day of May, 2026.

ENTER:

David A. Faber
Senior United States District Judge